Kenneth E. Payson, WSBA No. 26369
Jaime Drozd Allen, WSBA No. 35742
Jennifer K. Chung, WSBA No. 51583
Sara A. Fairchild, WSBA No. 54419 (*admission pending*)
Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: 206.622.3150

Lisa Nowlin, WSBA No. 51512
American Civil Liberties Union
of Washington Foundation
901 5th Ave, Suite 630
Seattle, WA 98164
Telephone: 206.624.2184

Matt Adams, WSBA No. 28287
Leila Kang, WSBA No. 48048
Aaron Korthuis, WSBA No. 53974
Northwest Immigrant Rights Project
615 2nd Avenue, Suite 400
Seattle, WA 98104-2244
Phone: 206.957.8611

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| ANDRES SOSA SEGURA,<br><br>                    Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Defendant. | Case No. _____<br><br>COMPLAINT FOR DAMAGES |

COMPLAINT - 1
Case No.

4832-5852-6350v.15 0200495-000013

## INTRODUCTION

1. Plaintiff Andres Sosa Segura was unlawfully restrained and detained for hours when United States Customs and Border Protection (CBP) agents singled him out based on his Latino appearance while he was changing buses at the Spokane Intermodal Center in July 2017.

2. Mr. Sosa was on a long trip home from Montana to southwest Washington to return to his wife and four young daughters. His trip was purely domestic, crossing no international borders at any time. But when Mr. Sosa—the only Latino appearing passenger on his bus—exited the bus en route to his transfer, two uniformed CBP agents singled him out and pulled him aside. The agents had no reasonable suspicion, much less probable cause, to believe that Mr. Sosa had violated or was violating any law, including immigration laws when the agents restrained Mr. Sosa by pulling him aside.

3. The CBP agents immediately began to interrogate Mr. Sosa about his immigration status. Mr. Sosa promptly asserted his constitutional rights to remain silent and to an attorney by showing one agent (CBP Agent 1) a "Know Your Rights" card. The card stated in both English and in Spanish that Mr. Sosa wanted an attorney present before further questioning.

4. But instead of respecting Mr. Sosa's constitutional rights, CBP Agent 1 accused Mr. Sosa of being "illegal" and ordered Mr. Sosa to follow him outside to the station's parking lot, where the CBP agents continued to interrogate him. Because Mr. Sosa was frightened, he told the agents he was from Mexico and had been released on bond from immigration detention. He also told the CBP agents

COMPLAINT - 2
Case No.

4832-5852-6350v.15 0200495-000013

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

that he had a lawyer. Mr. Sosa lifted his pant leg and showed the agents his ankle monitor—an unmistakable indication that an immigration judge had already determined Mr. Sosa was not a danger to the community or a flight risk and had approved Mr. Sosa's release on bond.

5. Yet the CBP agents still did not allow Mr. Sosa to leave. CBP Agent 1 humiliated Mr. Sosa by repeatedly telling Mr. Sosa that he would deport him.

6. The CBP agents ordered Mr. Sosa to provide identification, and Mr. Sosa gave them his valid Washington state driver's license. The agents also took Mr. Sosa's bag away. They ordered Mr. Sosa into the back of a vehicle behind a grate and took Mr. Sosa to a federal facility an hour away. The agents made no attempt to verify Mr. Sosa's immigration status from the Spokane Intermodal Center parking lot.

7. At the federal facility, the CBP agents locked Mr. Sosa in a cell and did not allow him access to a phone—even though he had missed his bus transfer and was expected by his family. CBP Agent 1 again stated that he knew Mr. Sosa was "illegal" because Mr. Sosa had displayed the "Know Your Rights" card.

8. Mr. Sosa was not free to leave, was terrified because agents of the United States government had disregarded his invocation of his constitutional rights, and desperately wanted to get word to his family and his immigration attorney that he had been detained.

9. Over four hours after Mr. Sosa's initial detention, the CBP agents eventually verified Mr. Sosa's immigration status, allowed Mr. Sosa to call his wife, drove Mr. Sosa back to the Spokane Intermodal Center, and released Mr. Sosa.

COMPLAINT - 3
Case No.

4832-5852-6350v.15 0200495-000013

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Because CBP's unlawful arrest and detention caused Mr. Sosa to miss his bus, Mr. Sosa waited another five hours for his wife to drive across the state to Spokane so she could pick him up and take him home.

10. CBP's unlawful arrest and detention caused Mr. Sosa to suffer loss of liberty, significant humiliation, fear, trauma, stress, disruption, emotional distress, economic loss, and other damages.

11. Mr. Sosa brings this action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671-2680, to vindicate his rights.

## JURISDICTION

12. This action arises under the Constitution and laws of the United States, including the FTCA. This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §§ 1331 (federal question statute) and 1346(b) (United States as a defendant).

## EXHAUSTION

13. Pursuant to 28 U.S.C. § 1675(a), Mr. Sosa submitted an administrative tort claim to Customs and Border Protection (CBP) on June 20, 2018. A redacted copy of Mr. Sosa's administrative claim is attached hereto as **Exhibit 1**. A copy of the government's receipt of acknowledgment of the claim is attached as **Exhibit 2**.

14. CBP failed to issue a final disposition within the required six-month period; such failure is considered a denial of the claim. 28 U.S.C. § 2675(a). Plaintiff has thus exhausted all available administrative remedies and is filing this complaint in accordance with the FTCA.

COMPLAINT - 4
Case No.
4832-5852-6350v.15 0200495-000013

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## VENUE

15. Venue in the U.S. District Court for the Eastern District of Washington is proper under 28 U.S.C. § 1402(b). The acts and omissions central to this complaint occurred in Spokane County.

## PARTIES

16. Plaintiff Andres Sosa Segura is a resident of Skamania County, where he lives with his U.S.-citizen wife and four U.S.-citizen daughters, and works as a cook. Mr. Sosa is Latino.

17. Defendant United States of America is the appropriate defendant for claims brought pursuant to the FTCA. 28 U.S.C. § 1346(b).

## FACTS

### Spokane Intermodal Center

18. The Spokane Intermodal Center is a transportation facility located at 221 W. First Ave., Spokane, WA 99201. The Intermodal Center contains the Greyhound bus station.

19. At the time of the incident, Mr. Sosa traveled monthly on the Greyhound bus line between Montana, where he worked, and Portland, Oregon, the bus station nearest to his home in Underwood, Washington. Mr. Sosa's regular bus route included a transfer at the Spokane Intermodal Center, which contains a Greyhound bus station.

20. At the time of Mr. Sosa's unlawful detention and restraint, all Greyhound buses that arrived at and departed from the Spokane Intermodal Center traveled purely domestic routes, following the east-west highway I-90. In other

COMPLAINT - 5
Case No.
4832-5852-6350v.15 0200495-000013

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

words, no Greyhound bus arrived at the Spokane Intermodal Center on a route that came from an international border, nor did any Greyhound bus route departing the Spokane Intermodal Center go to an international border.  The Intermodal Center is approximately 107 miles south of the Canadian border by highway.

**Unlawful Detention, Restraint, Arrest, and Imprisonment**

21. On July 24, 2017,[1] Mr. Sosa rode the Greyhound bus from Montana to the Spokane Intermodal Center.  Mr. Sosa's bus from Montana arrived at the Spokane Intermodal Center at approximately 11:00 A.M.

22. When Mr. Sosa's bus stopped at the Spokane Intermodal Center, two uniformed CBP agents approached and waited outside the bus doors.

23. Mr. Sosa exited the bus with the other passengers.  He intended to transfer to the Greyhound bus going to Portland, Oregon, departing from the same Spokane station, in order to return to his home and family.  But once he was outside the bus, the two CBP agents told Mr. Sosa that they needed to talk to him.

24. The CBP agents positioned their bodies so Mr. Sosa had no choice but to move in the direction they were directing him.

25. Mr. Sosa was the only Latino-appearing passenger on his bus.

26. The CBP agents did not stop, question, detain, or otherwise engage any other passenger departing Mr. Sosa's Greyhound bus.

---

[1] Mr. Sosa's administrative claim letter inadvertently misstated the incident as occurring on July 25, 2017.

COMPLAINT - 6
Case No.
4832-5852-6350v.15 0200495-000013

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

27. The CBP agents initially detained and restrained Mr. Sosa without any valid basis and based on prohibited grounds including his race.

28. After stopping Mr. Sosa, CBP Agent 1 asked Mr. Sosa, "Do you have papers? Where are you from?" Mr. Sosa inquired why the officer was asking him the question.

29. Without responding, Agent 1, who was armed, again asked Mr. Sosa whether he had papers and where he was from. Agent 1 also touched his firearm, invoking his authority, instilling fear, and implying that force would be used if Mr. Sosa did not comply.

30. Mr. Sosa did not feel free to leave at any point and also felt that answering the agent's questions was required.

31. Mr. Sosa then unambiguously asserted his right to remain silent. He presented CBP Agent 1 with a "Know Your Rights" card that he had received from his immigration attorney, who had instructed him to remain silent and present the card to any law enforcement authorities if he was ever stopped.

32. The card stated in English and Spanish that Mr. Sosa wanted to talk to an attorney before answering any questions. It also stated that he would not speak, answer questions about his immigration status, respond to any accusations, waive any legal rights, or consent to a search until first obtaining the advice of an attorney. A copy of the front and back of the card is shown below:

COMPLAINT - 7
Case No.
4832-5852-6350v.15 0200495-000013

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

> **TO WHOM IT MAY CONCERN**
> Before answering any questions I want to talk to an attorney. I will not speak to anyone, answer any questions about my immigration status, respond to any accusations, waive any of my legal rights, or consent to any search of my person, papers, or property until I have first obtained the advice of an attorney.
>
> **A QUIEN INTERESE**
> Antes de contestar cualquier pregunta, quiero hablar con un abogado. No voy a hablar con nadie, contestar ninguna pregunta acerca de mi estatus migratorio, renunciar a ninguno de mis derechos legales, o consentir a una búsqueda de mi persona, papeles, o propiedad hasta que primero yo haya obtenido el consejo de un abogado.

33. CBP Agent 1 looked at the card, but disregarded Mr. Sosa's clear invocation of his rights and instead stated that he needed to talk to Mr. Sosa, who he claimed was "illegal."

34. CBP Agent 1 then ordered Mr. Sosa to follow him.

35. Both agents stood on either side of Mr. Sosa to prevent him from leaving.

**Unlawfully Prolonged Detention, Restraint, Arrest, and Imprisonment**

36. The CBP agents took Mr. Sosa to the station's parking lot, where their vans were parked.

37. Mr. Sosa was distressed because he believed that the CBP agents were subjecting him to further questioning solely because he had asserted his rights. Mr. Sosa was also distressed that CBP Agent 1 apparently viewed the "Know Your Rights" card as a basis for assuming Mr. Sosa was "illegal."

38. After the CBP agents led Mr. Sosa outside to the vans, and despite the fact that Mr. Sosa had indicated a desire to have an attorney present before any questioning, CBP Agent 1 again asked Mr. Sosa where he was from.

COMPLAINT - 8
Case No.
4832-5852-6350v.15 0200495-000013

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

39. Frightened and distressed that the "Know Your Rights" card had only made the situation worse, Mr. Sosa responded that he was from Mexico. Mr. Sosa then explained that he had been released on bond from immigration detention, and lifted up his pant leg to show the agents his ankle monitor that was part of his bond conditions. Mr. Sosa also told the CBP agents that he had a lawyer.

40. CBP Agent 1 disregarded this information and stated that he would deport Mr. Sosa. He repeated this statement several times during the encounter.

41. CBP Agent 1 ordered Mr. Sosa to provide his identification. Mr. Sosa gave the agent his valid Washington state driver's license.

42. CBP Agent 1 took Mr. Sosa's bag away, placed Mr. Sosa in the back of his vehicle behind a grate, and again repeated that he would deport Mr. Sosa.

43. The CBP agents then transported Mr. Sosa to a facility approximately an hour away from the Spokane bus station.

44. At the facility, the agents fingerprinted Mr. Sosa and placed him in a cell. He was not initially permitted to make a phone call.

45. At the station, CBP Agent 1 repeated that he knew that Mr. Sosa was "illegal" because of the "Know Your Rights" card that Mr. Sosa had presented.

46. After some time, the CBP agents checked Mr. Sosa's records and verified that Mr. Sosa had been released from immigration detention on bond.

**Consequences of the Unlawful Arrest and Imprisonment**

47. After having detained Mr. Sosa for hours, the CBP agents let him out of the detention cell and finally allowed him to call his wife, who had been very worried for him.

COMPLAINT - 9
Case No.
4832-5852-6350v.15 0200495-000013

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

48. Mr. Sosa was driven back to the Spokane Intermodal Center and released at approximately 3:30 P.M—more than four hours after he was initially detained.

49. All of the buses to Portland had already departed for the day, so Mr. Sosa could not use the bus ticket he had purchased. Mr. Sosa waited approximately five hours for his wife to drive the three hundred miles to Spokane and then the two of them drove another five hours to return home to Underwood, Washington.

50. As a result of his unlawful treatment by CBP agents, Mr. Sosa suffered loss of liberty, significant humiliation, fear, trauma, stress, disruption, emotional distress, economic loss, and other damages.

51. Defendant United States of America is liable for these acts and omissions under the FTCA.

## FIRST CLAIM FOR RELIEF

### Federal Tort Claims Act – False Arrest

52. Mr. Sosa re-alleges and incorporates by reference each and every allegation contained above as though fully set forth herein.

53. Under Washington law, the tort of false arrest is committed when a plaintiff demonstrates the defendant's "unlawful violation of a person's right of personal liberty or the restraint of that person without legal authority." *Bender v. City of Seattle*, 99 Wn. 2d 582, 591 (1983).

54. CBP agents restrained and interfered with Mr. Sosa's liberty of movement by pulling him aside as he exited the bus to transfer to another bus.

COMPLAINT - 10
Case No.
4832-5852-6350v.15 0200495-000013

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

CBP agents used displays of force and authority to ensure that Mr. Sosa did not feel free to leave and, after Mr. Sosa invoked his constitutional rights, physically transported and confined Mr. Sosa in a facility an hour away from where he was initially detained. The agents did so without a warrant, probable cause, or reasonable suspicion to believe that Mr. Sosa had or was committing an offense against the United States.

55. CBP restrained and detained Mr. Sosa for unlawful reasons, based on his race and his assertion of constitutional rights. State and federal law prohibit these reasons for initiating a seizure or restraint of a person's movement.

56. Mr. Sosa suffered harm, including but not limited to, loss of liberty, significant humiliation, fear, trauma, stress, disruption, emotional distress, economic loss, and other damages.

57. Defendant United States of America is liable for these acts and omissions under the FTCA.

## SECOND CLAIM FOR RELIEF

### Federal Tort Claims Act – False Imprisonment

58. Mr. Sosa re-alleges and incorporates by reference each and every allegation contained above as though fully set forth herein.

59. Under Washington law, a false imprisonment claim involves similar elements as those required to establish a false arrest. *See Bender v. City of Seattle*, 99 Wn. 2d 582, 591 (1983).

60. CBP unlawfully restrained and interfered with Mr. Sosa's liberty of movement by pulling him aside as he exited the bus to transfer to another bus. CBP

COMPLAINT - 11
Case No.
4832-5852-6350v.15 0200495-000013

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

...

agents used displays of force and authority to ensure that Mr. Sosa did not feel free to leave and, after Mr. Sosa invoked his constitutional rights, physically transported and confined Mr. Sosa in a facility an hour away from where he was initially detained. The agents did so without a warrant, probable cause, or reasonable suspicion to believe that Mr. Sosa had or was committing an offense against the United States.

61. CBP restrained and detained Mr. Sosa for unlawful reasons, based on his race and his assertion of constitutional rights. State and federal law prohibit these reasons for initiating a seizure or restraint of a person's movement.

62. Thus, CBP restrained, detained, arrested, and imprisoned Mr. Sosa without legal authority, committing the state tort of false imprisonment.

63. Mr. Sosa suffered harm, including but not limited to, loss of liberty, significant humiliation, fear, trauma, stress, disruption, emotional distress, economic loss, and other damages as a result of the false imprisonment to which CBP subjected him.

64. Defendant United States of America is liable for these acts and omissions under the FTCA.

## THIRD CLAIM FOR RELIEF

### Federal Tort Claims Act – State Civil Rights Tort

65. Mr. Sosa re-alleges and incorporates by reference each and every allegation contained above as though fully set forth herein.

COMPLAINT - 12
Case No.

4832-5852-6350v.15 0200495-000013

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

66. Under the FTCA, the United States is liable "to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

67. Washington law recognizes a right to be free from discrimination based on race, color, or national origin under the Washington Law Against Discrimination (WLAD). RCW 49.60.030(1).

68. Under Washington law, this right to be free from discrimination includes "[t]he right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement." RCW 49.60.030(1)(b). Such places include "any place . . . for public conveyance or transportation on land, water, or in the air, including the stations and terminals thereof." RCW 49.60.040(2). "Full enjoyment" of the place includes being admitted to the place "without acts directly or indirectly causing persons . . . to be treated as not welcome, accepted, desired, or solicited." RCW 49.60.040(14).

69. Washington law provides a private cause of action to recover money damages for individuals who have been injured by a violation of their right to be free from discrimination. RCW 49.60.030(2).

70. The Ninth Circuit has recognized that an FTCA claim can arise based on a violation of the state tort of "interference with the civil rights of the plaintiffs." *See, e.g.*, *Xue Lu v. Powell*, 621 F.3d 944, 950 (9th Cir. 2010).

71. CBP agents violated Mr. Sosa's right to be free from discrimination when two CBP agents, at least one of whom was armed, interfered with Mr. Sosa's

COMPLAINT - 13
Case No.
4832-5852-6350v.15 0200495-000013

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

full enjoyment of the Spokane Intermodal Center by singling out Mr. Sosa and pulling him aside in front of the other passengers based only on Mr. Sosa's Latino appearance. Mr. Sosa was the only Latino-appearing passenger on his bus, and the CBP agents treated Mr. Sosa differently than they treated the other passengers because Mr. Sosa is Latino.

72. CBP further violated Mr. Sosa's right to be free from discrimination by continuing his detention for several hours, despite Mr. Sosa's assertion of his rights and informing the agents he had been released from immigration detention on bond.

73. Further, CBP's unlawful detention of Mr. Sosa interfered with Mr. Sosa's ability to board his transfer bus and return to his home and family by delaying Mr. Sosa's trip for nearly a day.

74. CBP acted based on discriminatory and retaliatory reasons explicitly prohibited by law.

75. Mr. Sosa suffered harm, including but not limited to, loss of liberty, significant humiliation, fear, trauma, stress, disruption, emotional distress, economic loss, and other damages as a result of the discrimination to which he was subjected by CBP. As a result of CBP's discriminatory treatment of him, Mr. Sosa no longer feels welcome at the Spokane Intermodal Center and no longer takes a bus route that requires him to stop at the Spokane Intermodal Center.

76. Defendant United States of America is liable for these acts and omissions under the FTCA.

COMPLAINT - 14
Case No.
4832-5852-6350v.15 0200495-000013

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests relief as follows:

a. Trial by judge on all claims so triable.

b. Compensatory damages in an amount to be proven at trial.

c. Costs and reasonable attorneys' fees.

d. The right to conform the pleadings to the proof and evidence presented at trial.

e. Such other relief as the Court deems just and equitable.

DATED this 25th day of June, 2019.

    Davis Wright Tremaine LLP
    Attorneys for Plaintiff Andres Sosa Segura

    By */s/ Jennifer K. Chung*

    Kenneth E. Payson, WSBA No. 26369
    Jaime Drozd Allen, WSBA No. 35742
    Jennifer K. Chung, WSBA No. 51583
    Sara A. Fairchild, WSBA No. 54419
      (*admission pending*)

    Cooperating Attorneys for ACLU-WA and NWIRP

    Davis Wright Tremaine LLP
    920 Fifth Avenue, Suite 3300
    Seattle, WA 98104-1610
    Telephone: 206.622.3150
    Facsimile: 206.757.7700
    KenPayson@dwt.com
    JaimeDrozdAllen@dwt.com
    JenniferChung@dwt.com
    SaraFairchild@dwt.com

COMPLAINT - 15
Case No.
4832-5852-6350v.15 0200495-000013

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Lisa Nowlin, WSBA No. 51512
AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
901 5th Ave, Suite 630
Seattle, WA 98164
Telephone: 206.624.2184
lnowlin@aclu-wa.org

Matt Adams, WSBA No. 28287
Leila Kang, WSBA No. 48048
Aaron Korthuis, WSBA No. 53974
NORTHWEST IMMIGRANT RIGHTS
PROJECT
615 2nd Avenue, Suite 400
Seattle, WA 98104-2244
Phone: 206.957.8611
matt@nwirp.org
leila@nwirp.org
aaron@nwirp.org

COMPLAINT - 16
Case No.

4832-5852-6350v.15 0200495-000013

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax