FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 17, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDRES SOSA SEGURA,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | No. 2:19-CV-00219-SAB<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER, IN PART, AND DENYING, IN PART** |

Before the Court is Defendant's Motion for Protective Order, ECF No. 34. The motion was heard without oral argument.

Plaintiff is suing the United States, alleging that two United States Customs and Border Protection (CBP) officers approached him at the bus station in Spokane and detained him without probable cause because he is Latino. Plaintiff submitted Request for Productions seeking production of training materials pertaining to (1) U.S. Border Patrol operations at bus stations and other public transportation facilities, and (2) development of reasonable suspicion or probable cause to support a detention of individual suspected to be present in the United States in violation of federal immigration law.

Defendant responded by producing a number of training materials that are used at the Border Patrol Academy, including several Instructor Guides and PowerPoint presentations. Defendant also provided a privilege log indicating that it

**ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER, IN PART, AND DENYING, IN PART ~ 1**

was withholding other responsive materials, referred to as the "Applied Authorities,[1]" claiming attorney-client and attorney work product privilege.

The parties met and conferred regarding the withheld documents and attempted to work out a limited production of the Applied Authorities, using the 2017 materials as a representative sample. Defendant identified documents that it believed were not relevant to Plaintiff's claims. *See* ECF No. 40-1. It appears that Defendant proposed the possibility of producing the remaining documents on the list, but with redactions.

Plaintiff responded by asking Defendant to include two documents that Defendant had identified as not relevant: (1) 2017 Student Guide Applied Authorities Day 15 – Legal Aspects of Immigration Checkpoint Operations; and (2) 2017 Student Handbook 15-A – Immigration Checkpoint Operation Flow Chart.

Defendant disagreed that these two documents were relevant and ultimately concluded that a partial production with attorney-client and attorney work product material redacted would not be practical. Defendant then filed the instant Motion.

### Applicable Law

### 1.  Attorney Work Product Privilege

The work product doctrine protects from discovery "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(3)(A); *Admiral Ins. Co. v. United States Dist. Court,* 881 F.2d 1486, 1494 (9th Cir. 1989). The attorney work product privilege is a qualified privilege. A party seeking discovery can overcome the privilege by showing that "it has substantial need for the materials to prepare its //

---

[1] The Applied Authorities are training materials used at the Border Patrol Academy.

**ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER, IN PART, AND DENYING, IN PART ~ 2**

1  case and cannot, without undue hardship, obtain their substantial equivalent by

2  other means." Fed. Civ. P. 26(b)(3)(A)(ii).

3       The attorney work product privilege protects from discovery in litigation

4  "mental impressions, conclusions, opinions, or legal theories of a party's attorney"

5  that were prepared in anticipation of litigation or for trial. *ACLU of N. Calif. v. U.S.*

6  *Dep't of Justice*, 880 F.3d 473, 483 (9th Cir. 2018). Shielding from discovery

7  materials prepared "with an eye toward the anticipated litigation" protects the

8  integrity of adversarial proceedings by allowing attorneys to prepare their thoughts

9  and impressions about a case freely and without reservation." *Id*. The privilege

10  ensures that litigants cannot proceed "on wits borrowed from the adversary" and

11  "prevents exploitation of a party's efforts in preparing for litigation." *Id*. (citation

12  omitted).

13       To qualify for protection against discovery under Rule 26(b)(3), documents

14  must have two characteristics: (1) they must be prepared in anticipation of

15  litigation or for trial; and (2) they must be prepared "by or for another party or by

16  for that other party's representative." *In re Calif. Pub. Utils. Comm'n*, 892 F.2d

17  778, 780–81 (9th Cir. 1989) (quoting Fed. R .Civ. P. 26(b)(3)).

18       When a document is not prepared exclusively for litigation, it can be deemed

19  prepared "in anticipation of litigation" and thus eligible for work product

20  protection under Rule 26(b)(3) if "in light of the nature of the document and the

21  factual situation in the particular case, the document can be fairly said to have been

22  prepared or obtained because of the prospect of litigation." *In re Grand Jury*

23  *Subpoena (Mark Toft/Toft Envtl. Mgmt.),* 357 F.3d 900, 907 (9th Cir. 2004). The

24  "because of" standard does not consider whether litigation was a primary or

25  secondary motive behind the creation of a document. Rather, it considers the

26  totality of the circumstances and affords protection when it can fairly be said that

27  the "document was created because of anticipated litigation and would not have

28  //

**ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE
ORDER, IN PART, AND DENYING, IN PART ~ 3**

been created in substantially similar form but for the prospect of that litigation[.]" *Id*. (citation omitted).

2.    **Attorney-Client Privilege**

The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice. *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011). The attorney-client privilege exists where: "(1) legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived." *Id*. (citation omitted).

The party asserting the attorney-client privilege has the burden of establishing the relationship and privileged nature of the communication. *Id*.

### Analysis

Based on the record before the Court, Defendant has not met its burden of showing that the Applied Authorities materials are protected by the attorney work product or attorney-client privilege. From what the Court can discern, the training materials appear to be the equivalent of business documents, and not privileged communications. The fact that attorneys prepared the documents and present the materials do not make them privileged communications.

In support of its motion, Defendant submitted the declaration of M. Bennett Courey, the Associate Chief Counsel (Enforcement and Operation) of CBP. ECF No. 35. The declaration did not identify any specific training documents by title, nor did it provide the number of documents or pages over which the privilege was being claimed. It was not helpful to the Court in making its determination regarding the specific documents.

What was helpful to the Court was Defendant's email to Plaintiff that identified certain 2017 training materials that Defendant believes are not relevant

**ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER, IN PART, AND DENYING, IN PART ~ 4**

to Plaintiff's claims, implying that the remaining documents are relevant. ECF No. 40-1. Thus, while the parties did not specifically address relevancy, the Court will assume that those documents are, at least initially, relevant to Plaintiff's claims. Moreover, the parties did not specifically address the proportionality of Plaintiff's request, although Defendant did suggest that Plaintiff's request was overbroad.

That said, the Court is not convinced that Plaintiff's request meets the relevancy and proportionality standards of Fed. R. Civ. P. 26, or that the requested materials would be admissible at trial. Thus, while the Court finds Defendant has not met its burden of showing the Applied Authorities materials are protected by the attorney work product or attorney-client privilege, the Court grants Defendant's Motion for Protective Order with respect to those documents highlighted and identified as not relevant in ECF No. 40-1, including the two documents identified by Plaintiff, because it appears these documents are not relevant to Plaintiff's claims.

The Court also grants Defendant's Motion for Protective Order with respect to requested documents other than the 2017 training materials because the Court is not convinced Plaintiff's request is proportional to the needs of the case.

The Court denies Defendant's Motion for Protective Order with respect to the remaining 2017 training documents identified in ECF No. 40-1. The Court will give Defendant the opportunity to redact from these materials those portions of the materials Defendant believes is privileged and submit the redacted and unredacted materials to the Court for *in camera* review.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Defendant's Motion for Protective Order, ECF No. 34, is **GRANTED**, in part; and **DENIED**, in part.

//

//

//

**ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER, IN PART, AND DENYING, IN PART ~ 5**

2.      Within **seven (7) days** from the date of this Order, Defendant shall submit redacted and unredacted materials to the Court for *in camera* review. Defendant shall provide the Court with the characteristics, justifications or circumstances that render the redacted portions privileged.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 17th day of July 2020.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER, IN PART, AND DENYING, IN PART ~ 6**